[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR CONTINUANCE AND SCHEDULING ORDER
The plaintiff filed a motion to continue the case based on discovery not being complete and experts were not retained and there was an objection thereto. Both sides submitted scheduling orders in the event that the continuance was granted and the court has reviewed those also.
Court has reviewed the file and found that the case was returned to the court on September 29, 1998. The defendant, the estate of Joseph Durkin and Rosemary Durkin, individually and as executrix of the estate of Joseph Durkin, moved for dismissal in pleading #102, dated October 28th The defendant Mark Durkin moved to dismiss on October 30th in pleading #104. The defendant Greg Durkin moved to dismiss on November 2, 1998, in pleading #106. The Honorable William B. Lewis entered a decision on the motions to dismiss, denying them on April 7, 1999. A motion to reargue was filed on April 27th, pleading #114. That was denied by Judge Lewis on May 10th of 1999. The pleadings were closed when the defendant, Mark Durkin filed an answer on June 23rd, 1999, being CT Page 10846 pleading #125. A certificate of closed pleadings was filed on June 18, 1999. An objection to the attorney trial referee program was filed on July 30th and on August 4th that objection was sustained.
As is the process in this district, the next part of the case is to have the case sent to the special masters and then placed on one hours notice. At the special masters, the case did not resolve itself and the parties could not agree concerning the next trial date. Based on the fact that the pleadings have only recently been closed and that the certificate of closed pleadings was filed on June 18th, the court grants the motion for continuance.
The motion for continuance is granted in that the case is not exposed on one hours notice until after November 10th, 1999. The following scheduling orders are entered:
 Written discovery request and responses by September 6th of 1999.
 Plaintiff to disclose their expert by October 6th of 1999.
Defendant to disclose their expert by October 13th of 1999.
All fact witnesses are to be deposed by October 6th, of 1999.
The Plaintiffs expert to be deposed by October 26th, of 1999.
The defendant's experts to be deposed by November 3rd 1999.
The case is exposed for trial after November 10th, 1999.
Since both parties agree that a confidentiality agreement is necessary, the parties must if they can not agree on that confidentiality agreement, file a motion to the court addressing that issue by August 16th 1999.
So Ordered.
Karazin, J. CT Page 10847